IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER KAYE GALARZA,
Executrix of the Estate of
James J. McClarin, III,

    *Plaintiff,*

vs.

    Case No. 21-1124-EFM-RES

UNITED STATES OF AMERICA,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is the Joint Motion for Approval of the Compromise Settlement Agreement (Doc. 65) between Plaintiff Jennifer Kaye Galarza, Executrix of the Estate of James J. McClarin, III, and Defendant United States of America. The survival action underlying Plaintiff's claim stems from McClarin's untimely death at Robert J. Dole VA Medical Center where McClarin had been a patient. In their Joint Motion, the parties seek to settle Plaintiff's survival claim for $825,000. The stipulation expressly disavows any intent to prevent McClarin's heirs from bringing a wrongful death claim "as may be allowed by law."

On behalf of McClarin's children, their mother, Intervenor Hannah Edwards, has filed an Objection to the parties' Joint Motion. She believes that the stipulation's language is unclear, as it leaves open the possibility that any wrongful death action that the children, as McClarin's heirs,

might otherwise bring could be barred by Kansas's "one-action rule." She requests that Defendant explicitly waive the right to raise the one-action rule in defense should the heirs bring a wrongful death action. Neither Plaintiff nor Defendant have responded to Edwards' Objection.

Edwards' request stems from several misapprehensions about the one-action rule in Kansas. First, Kansas courts have clearly "reject[ed the] argument that the one-action rule is an affirmative defense subject to waiver."[1] Thus, it is not clear exactly what Edwards hopes for here, even assuming her request had merit.

Regardless, Edwards appears to misunderstand when the one-action rule applies. Edwards primarily relies on a quote from the Kansas Supreme Court that "all negligence claims arising out of one occurrence must be determined in one-action."[2] On its face, this quote, which refers to Kansas's one-action rule, appears to require plaintiffs to bring any negligence claims from a single event all at once or lose them forever. But even a quick review of Kansas caselaw makes clear that this interpretation takes the statement out of context and applies it far more broadly than intended.

Quite recently in *Hodges v. Walinga, USA, Inc.*,[3] the Kansas Supreme Court conducted an in-depth analysis of the history and purpose of the one-action rule.[4] This rule, though based on Kansas's comparative fault statute,[5] does not "expressly arise" therefrom.[6] Rather, "[t]he rule is prudential" and "based on principles of judicial economy and avoiding complexity in determining

---

[1] *Musfelt v. Am. Fam. Ins. Co.*, 2000 WL 36746463, at *3 (Kan. Ct. App. 2000) (applying *Mick v. Mani*, 244 Kan. 81, 766 P.2d 147 (1988)).

[2] *Mick*, 766 P.2d at 158.

[3] 532 P.3d 440 (Kan. 2023). At the time this Order was written, this case had not yet been published in any Kansas reporter.

[4] *See id.* at 443–45.

[5] *See* K.S.A. 2022 Supp. 60-258a.

[6] *Hodges*, 532 P.3d at 443.

relative degrees of fault."[7] Indeed, the Kansas Supreme Court on several occasions has "backed away from strict application of the one-action rule."[8]

Still, the history of the one-action rule—discussed in depth within the *Hodges* opinion, thus rendering repetition here unhelpful—makes clear that the rule applies in one of two situations. These are: (1) when a plaintiff only names certain defendants potentially at fault and then seeks to recover against other defendants in a subsequent action[9] or (2) when a defendant seeks in a separate action to recover contribution from parties not named as defendants in the original action.[10] Neither of these situations involve separate plaintiffs with differing claims.

In contrast, survival actions and wrongful death actions under Kansas law are different causes of action necessarily brought by *different plaintiffs*. Survival actions must be brought by a representative of the decedent's estate.[11] Conversely, "under Kansas law, a wrongful death action can only be brought by an heir at law of the deceased."[12] Conceivably, a single party might assume the identity of both these positions and be able to bring both actions, but that is not the case here. Thus, the present scenario is a far cry from those situations in which the one-action rule is prudentially applied to prevent inefficiency. Edwards has not cited any case similar to present one

---

[7] *Id.* at 443, 445.

[8] *Id.* at (citing and discussing *Pape v. Kan. Power and Light Co.*, 231 Kan. 441, 647 P.2d 320 (1982), *Mathis v. TG & Y*, 242 Kan. 789, 751 P.2d 136 (1988), and *Anderson v. Scheffler*, 242 Kan. 857, 752 P.2d 667 (1988), among others).

[9] *See, e.g.*, *Albertson v. Volkswagenwerk Aktiengesellschaft*, 230 Kan. 368, 371, 634 P.2d 1127, 1128–29 (1981).

[10] *See, e.g.*, *Great Plains Roofing & Sheet Metal, Inc. v. K Bldg. Specialties, Inc.*, 62 Kan. App. 2d 204, 510 P.3d 1172, 1178–79 (2022), *review denied* (2022).

[11] *See, e.g.*, *Martin v. Naik*, 43 Kan. App. 2d 591, 228 P.3d 1092, 1097 (2010), *aff'd in part, rev'd in part on other grounds*, 297 Kan. 241, P.3d 625 (2013) (distinguishing between survival action brought on behalf of decedent's estate and survival action brought by decedent's heirs).

[12] *Draughon v. United States*, 103 F. Supp. 3d 1266, 1280 (D. Kan. 2015) (citing K.S.A. § 60–1902 (2014)).

where the one-action rule has applied—nor has the Court found any.[13]  Rather, the Court agrees with its prior caselaw holding that the one-action "rule is essentially aimed at prohibiting a plaintiff from bringing a second action against a party that could have been, but was not, named in the first action."[14]

Furthermore, it is worth nothing that no allegations of comparative fault are at issue in this case.  Only one defendant has been named—the United States.  Thus, the very statute from which the one-action rule stems is inapplicable to this case, further removing any possibility that the one-action rule could prevent McClarin's heirs from bringing a wrongful death claim against the United States.

The type of situation the one-action rule works to prevent does not exist here.  Edwards' objection is without merit and may be overruled without endangering the rights of McClarin's heirs to bring a wrongful death claim, as provided for by the parties' stipulation.

**IT IS THEREFORE ORDERED** that the Joint Motion for Approval of the Compromise Settlement Agreement (Doc. 65) is **GRANTED.**

---

[13] To the best of the Court's research and knowledge, only one case has actually applied *Mick*'s language—as quoted by Edwards—to hold that the one-action rule bars a plaintiff from asserting different negligence claims against the same defendant which arise from one occurrence.  *See Marshall v. Mayflower, Inc.*, 817 F. Supp. 922, 925–26 (D. Kan. 1993).  *Marshall*, however, reached its conclusion on the grounds of res judicata, only addressing (and in the Court's opinion confusing) the one-action rule as an alternative ground for dismissal of the plaintiff's claims, and its reasoning has not been applied since.  *Id.* at 225.  Regardless, the facts in *Marshall* are still inapposite to the present case, in that there was only one plaintiff who tried to assert two different claims against the same defendant at different times—not different plaintiffs with different claims.

[14] *Augustine v. Adams*, 88 F. Supp. 2d 1166, 1172 (D. Kan. 2000); *see also McCormick v. City of Lawrence*, 325 F. Supp. 2d 1191, 1208 (D. Kan. 2004), *aff'd sub nom. McCormick v. City of Lawrence, Kansas*, 130 F. App'x 987 (10th Cir. 2005) ("The impetus for the one-action rule was to ensure that all parties against whom a claim of comparative negligence could be made were joined in the same action so that one judicial determination of comparative fault could be rendered.").

**IT IS SO ORDERED.**

Dated this 14th day of August, 2023.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE